IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANNA MARIE ALLGOOD                                 PLAINTIFF

vs.                                  Civil No. 6:13-cv-06041

CAROLYN COLVIN                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Anna Marie Allgood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period fo disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

      Plaintiff protectively filed her disability applications on May 14, 2010.  (Tr. 15, 141-150).  Plaintiff alleged she was disabled due to right leg, hip, back, and hand injuries from an all terrain vehicle ("ATV") accident.  (Tr. 162).  Plaintiff alleged an onset date of January 1, 2006.  (Tr. 141, 145).  These applications were denied initially and again upon reconsideration.  (Tr. 81-87, 90-93).

      Plaintiff then requested an administrative hearing on her applications.  (Tr. 96-97).  This

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for this case are referenced by the designation "Tr."

hearing was held on November 16, 2011 in Hot Springs, Arkansas. (Tr. 33-76). Plaintiff was present and was represented by counsel, Sherri McDonough, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. §§ 404.1563(d), 416.963(d) (2008). (Tr. 39). The Plaintiff testified she completed the ninth grade and obtained a General Equivalency Diploma ("GED"). (Tr. 41).

On February 15, 2012, the Administrative Law Judge ("ALJ") entered an unfavorable decision denying Plaintiff's application for SSI and DIB. (Tr. 12-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2006. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: spine disorder, anxiety disorder, and a mood disorder. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments or combination of impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, the Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the following: occasionally climb stairs,

2

>balance, stoop, kneel, crouch, and crawl; never climb ladders; must avoid extreme cold; must avoid extreme heat; must avoid vibrations; no overhead reaching; must avoid hazards (for example, machinery and unprotected heights); able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, little judgment, and where supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24, Finding 10). The vocational expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 64-76). Based upon the VE's testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a sales attendant with 2,700 such jobs in the region and 335,000 such jobs in the nation and as a charge account clerk with 2,500 such jobs in the region and 237,000 such jobs in the nation. (Tr. 67, 71, 25, Finding 10). The ALJ then used Medical-Vocational Guidelines Rules 202.21 and 202.14 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.20. (Tr. 24). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from January 1, 2006, through the date of the decision. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). On March 7, 2013, the Appeals Council declined to review this decision. (Tr. 1-3). On April 19, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 8, 2013. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is

now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12, Pg. 1-20. Specifically, Plaintiff claims the ALJ erred: (1) in failing to evaluate the severity of Plaintiff's impairments, specifically her ability to stand, walk, [and] sit due to her peripheral neuropathy, chronic back pain, right leg radiculopathy, and restless leg syndrome, and (2) in not giving proper consideration of Plaintiff's chronic pain and the impact it has on Plaintiff's ability to maintain attention and concentration. ECF No. 12, Pg. 1. The Plaintiff also claims (3) there were several particular factual errors in the ALJ's decision which made the conclusions drawn by the ALJ not based upon substantial evidence. ECF No. 12, Pg. 3.

In response, the Defendant argues (1) the ALJ properly evaluated the severity of Plaintiff's impairments and accounted for any limitations due to such impairments in assessing Plaintiff's RFC, and (2) the ALJ properly discounted Plaintiff's credibility. ECF No. 13, Pg. 1. The Court will address each of the arguments above.

### A. Impairments

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (*quoting* 20 C.F.R. § 416.920(c)). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921. Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at Step Two of the sequential evaluation).

Plaintiff claims the ALJ erred in failing to evaluate the severity of Plaintiff's impairments, specifically her ability to stand, walk, [and] sit due to her peripheral neuropathy, chronic back pain, right leg radiculopathy, and restless leg syndrome. ECF No. 12, Pg. 1. Plaintiff also claims the ALJ's statement regarding her limitations does not properly account for Plaintiff's peripheral neuropathy, restless leg syndrome, and chronic pain. *Id.* at Pg. 4. In Finding 3, the ALJ ultimately determined only the Plaintiff's spine disorder, anxiety disorder, and a mood disorder were severe because in combination, these impairments more than minimally affect [her] ability to perform basic work activities. (Tr. 17, Finding 3). The Court finds the ALJ did not fail to evaluate the severity of

Plaintiff's remaining medically determinable impairments, but rather found the impairments to be nonsevere. In the decision, the ALJ wrote the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]. (Tr. 21).

There is evidence in the decision showing the ALJ fully considered her peripheral neuropathy, chronic back pain, right leg radiculopathy, and restless leg syndrome. For instance, the ALJ acknowledged her 2003 rollover accident while driving a recreational vehicle. (Tr. 21, 287). Two years later, an MRI scan of her right knee revealed normal marrow signal, intact ligaments, and no evidence of knee joint effusion. (Tr. 21, 234). She also underwent a non-invasive vascular examination in an effort to fully evaluate the origin of her alleged foot pain, [and] the vascular examination was normal. (Tr. 21, 235-236). X-rays of the Plaintiff's lumbosacral spine for a Physical Consultative Examination showed normal disc spacing and a well-maintained alignment. (Tr. 22, 241). The ALJ wrote the objective evidence did not fully support the [Plaintiff's] allegations of severe, debilitating pain. (Tr. 22).

The remaining evidence after the alleged onset date shows she was diagnosed with neuropathy of the right leg, restless leg syndrome, and chronic back pain. (Tr. 227, 228, 277, 278, 303-304, 307). Her physicians, however, decided to treat her conservatively with medications such as Clonazepam, Cymbalta, and Gabapentin. *Id.*; *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding a treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain). Plaintiff was not referred to a specialist or prescribed further treatment besides prescription medications. (Tr. 227-307). There is also no evidence the Plaintiff required

7

emergency treatment in a hospital due to her debilitating condition. *Id.* Based on the foregoing, the Court finds there is substantial evidence to support the ALJ finding she properly evaluated the severity of the Plaintiff's impairments and accounted for any limitations due to such impairments in assessing the RFC.

### B. RFC Determination

Plaintiff claims the ALJ erred in not giving proper consideration of Plaintiff's chronic pain and the impact it has on Plaintiff's ability to maintain attention and concentration. ECF No. 12, Pg. 1. The ALJ determined the Plaintiff had the RFC to perform unskilled, light work with some additional limitations. (Tr. 19, Finding 5). RFC is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1565 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1565(a)(3) and 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer*, 245 F.3d at 704; *Dykes v.*

*Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [claimant] is arguing residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. *Cox,* 495 F.3d at 620; 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (2012); 20 C.F.R. §§ 404.1546, 416.946 (2011).

In the decision, the ALJ thoroughly evaluated the DDS opinions the Plaintiff is concerned about in her brief. Two DDS consultants reviewed the medical evidence of record, including [the Mental Consultative Examiner's] opinions, and they opined the [Plaintiff] had moderate limitations with her ability to maintain attention and concentration for extended periods. (Tr. 22, 258, 280). The DDS consultants concluded while [her] mental impairment had some impact on functioning, she is able to perform unskilled work where interpersonal contact is incidental to tasks performed and the complexity of tasks is learned and performed by rote; involving few variables and little judgment. (Tr. 23, 260, 280). Further, she requires supervision that is simple, direct, and concrete. *Id.* The ALJ gave their opinions significant weight and cited several reasons for the weight assignment: they were supported with clinical findings from the Mental Consultative Examination, the opinions were generally consistent with the substantial evidence of record, and they are given by medical personnel familiar with the Social Security Act and regulations. (Tr. 23).

Plaintiff claims the ALJ erred in his RFC determination by not discussing in the presented hypotheticals the Plaintiff's inability to maintain attention and concentration due to her chronic pain as found by two DDS consultants. ECF No. 12, Pg. 6. The Court finds the Plaintiff's claim is incorrect because the DDS consultants did not find she was unable to maintain attention and concentration, but rather determined she was moderately limited in her ability to maintain attention

and concentration for extended periods of time. (Tr. 258, 260, 280). The DDS consultants took the finding into consideration when assessing she could still perform unskilled work. *Id.*; 20 C.F.R. §§ 404.1568(a), 416.968(a) (2008). The ALJ gave the DDS consultants significant weight and took their opinions into account when formulating the RFC. (Tr. 19, Finding 5).

The RFC determination was also consistent with other opinions in the record regarding her attention and concentration capabilities. For instance, a Mental Consultative Examination was conducted by Dr. Wright, and he found her concentration was adequate the day of the examination. (Tr. 251). The Court finds the Plaintiff's attention and concentration abilities were properly assessed by the DDS consultants and the Mental Consultative Examiner, and there was no need to distinguish whether the limitations were due to chronic pain, her mental impairments, or a combination of both. At the hearing, the ALJ presented a hypothetical question to the VE which included the definition of unskilled work, and the VE responded stating the Plaintiff could perform other jobs. (Tr. 69-70). The Court finds the preceding hypothetical question does take into consideration the Plaintiff's limitations with maintaining attention and concentration.

### C. Credibility

The Plaintiff claims the one consistent complaint throughout [her] medical records is her chronic pain. ECF No. 12, Pg. 6. In this matter, the ALJ determined the [Plaintiff's] allegations of severe and disabling pain and discomfort are not supported by the evidence of record as a whole. (Tr. 23), *See Hutton v. Apfel,* 175 F. 3d 651, 655 (8th Cir. 1999) (The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole). In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)).

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* , 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004); *Polaski v. Heckler*, 739 F.2d 1320, 1321-1322 (8th Cir. 1984).

The Court finds the ALJ performed a proper *Polaski* analysis when assessing the Plaintiff's subjective complaints. For instance, although the Plaintiff alleged functional limitations, the ALJ wrote she was able to wash dishes, perform light housekeeping chores, prepare simple meals, maintain personal hygiene, and drive an automobile. (Tr. 21, 50-51, 189-192, 251). The ALJ also noted the Plaintiff's most recent full-time position ended when she moved from Louisiana to Arkansas, and the end of her substantial employment did not involve any disability related conditions. (Tr. 21, 162). The ALJ determined the [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they are inconsistent with the [RFC]. (Tr. 21). The Court defers to the ALJ's credibility determination because it was based on multiple valid reasons, *See Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008). Because the ALJ's credibility determination was supported by good reasons and substantial evidence, we conclude it is entitled to deference. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.

2006).

### D. Substantial Evidence

The Plaintiff claims there are several particular factual errors in the ALJ's decision which made the conclusions drawn by the ALJ not based upon substantial evidence. ECF No. 12, Pg. 3. The Court concurs there are factual errors cited in the decision that do not pertain to the Plaintiff. (Tr. 18). Although it would have been preferable for the ALJ to only refer to activities the Plaintiff actually participated in, the error, was harmless. *See Hensley v.. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) (ALJ's incorrect determination of claimant's literacy harmless error where result was same when correct Medical–Vocational Guidelines rule was applied); *Hall v. Bowen*, 857 F.2d 1210, 1212 (8th Cir. 1988) (same result even if ALJ understood the listing). The factual errors were cited to determine whether the Plaintiff had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 18, Finding 4).

After a review of the record, the Court determines Finding 4 of the ALJ's decision would be the same even if the factual errors were not taken into consideration. In regards to the first functional area of activities of daily living, the ALJ found she had mild limitation. (Tr. 18). The Plaintiff reported she could prepare simple meals, perform light cleaning such as washing dishes and sweeping with assistance, and drive a vehicle. (Tr. 51, 191-192). She is able to go shopping once every two weeks. (Tr. 192). During the Mental Consultative Examination, Dr. Wright wrote the Plaintiff does not need help with personal activities of daily living such as dressing and bathing. (Tr. 251). Dr. Wright also noted she likes to take care of her animals outside. *Id.* In regards to the second functional area of social functioning, the ALJ determined she had mild limitation. (Tr. 18). The Plaintiff spends time with others by talking daily and she goes to the grocery store on a regular

basis. (Tr. 193). The Plaintiff does not have any problems getting along with family, friends, neighbors, and authority figures. (Tr. 194-195). Dr. Wright wrote the Plaintiff has a number of friends. (Tr. 251). She testified in church she has to sit by the aisle and only attends outdoor funerals. (Tr. 53).

In regards to the third functional area of concentration, persistence, or pace, the ALJ found she had moderate limitation. (Tr. 18). She can pay bills, count change, handle a savings account, and use a checkbook or money orders. (Tr. 192). Her hobbies include reading, watching television, and computer games. (Tr. 193). Although she cannot concentrate as well and it is harder, she still reads. (Tr. 193). The Plaintiff reported she is fine at following written instructions and good at following spoken instructions. (Tr. 194). She completed the Function Report without assistance. (Tr. 196). The Court finds the above records constitute substantial evidence to support the ALJ's Finding 4. For the reasons stated above, an award of benefits is unwarranted.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of August 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE